[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action for dissolution of marriage and other relief came to this court on November 13, 2001, returnable on November 20, 2001, and thence to later dates when the defendant appeared through counsel. The case proceeded to trial on October 31, 2002.
The court heard evidence from both parties and considered a number of exhibits.
Based upon the credible testimony and additional indicated facts, the court makes the following findings:
The court has jurisdiction over the matter.
The parties were married on August 15, 1999 in Barkhamsted, Connecticut. The marriage has broken down irretrievably. The parties have no minor children issue of the marriage. The parties attempted reconciliation during the pendency of this action.
The parties have agreed on a number of issues. Neither party is seeking alimony. Personal property has been divided to mutual satisfaction. The parties have agreed to the transfer of the marital home and to the payment of $10,000 from the plaintiff to the defendant for his contribution to the equity of the marital home.
The dispute between the parties rests on the fact that the defendant is a co-mortgager on the marital property. The defendant seeks an order that the plaintiff refinance to remove his name. The plaintiff argues that she has no ability to do so. The court has reviewed the financial affidavits and considered the testimony of the parties and finds that the plaintiff is not able to refinance at this time or in the immediate future. The court heard testimony regarding the defendant's anger and verbal and physical abuse and the plaintiffs mood swings. The court cannot find that one party was more at fault for the breakdown. CT Page 14170
Applying the criteria of General Statutes §§ 46b-81, 46b-82 and46b-62, and approving the partial agreement of the parties, and based on the above findings, the court enters the following:
1. An order dissolving the marriage;
2. No alimony is awarded to either party.
3. The defendant shall quit claim his interest in the marital residence located at 205 Meadow View Drive, Torrington, Connecticut to the plaintiff and the plaintiff shall be responsible for the mortgage, taxes, insurance and all other expenses associated with said residence and shall indemnify and hold the defendant harmless thereon. Further, the plaintiff shall use good faith efforts to refinance the property so as to remove the defendant from any continuing liability on the existing first mortgage. "Good faith efforts" shall be defined as requiring the plaintiff to seek a refinance of the subject property three (3) years from the date of judgment and every two (2) years thereafter. Evidence of her efforts shall be furnished to the defendant.
4. The plaintiff shall pay to the defendant the sum of $10,000.00 over a three year period without interest paid at the rate of $278.00 per month.
5. The defendant shall pay the plaintiff $500 towards her attorney's fees.
6. The plaintiffs birth name of Olivia Weber is restored to her.
Judgment may enter accordingly.
___________________ DiPentima, J. CT Page 14171